UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LORA ADAMIAN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SUN LIFE ASSURANCE COMPANY OF ) <br> CANADA, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:21-cv-01586-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Motion for Judgment on the Pleadings, (ECF No. 6), filed by Defendant Sun Life Assurance Company of Canada ("Defendant"). Plaintiff Lora Adamian ("Plaintiff") filed a Letter, (ECF No. 7), which the Court construes as a Response, and Defendant filed a Reply, (ECF No. 8).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion.

I.  **BACKGROUND**

This action arises from Defendant's denial of Plaintiff's disability benefits under a Group Policy for disability insurance provided by Defendant to MGM Resorts International ("MGM"). (*See generally* Compl., Ex. C to Pet. Removal, ECF No. 1-3). Plaintiff worked as a Table Games Dealer at New York New York Hotel and Casino ("New York Casino") from 2003 to 2021.[1] (*See* Demand Letter at 2, Ex. A to Pet. Removal, ECF No. 1-1). During her employment, Plaintiff developed neck and back pain which restricted her ability to work. (*See* Denial Letter at 7, Ex. 1 to Ex. A to Mot. J. Pleadings, ECF No. 6-2). Plaintiff submitted a

---

[1] Employees of New York Casino are covered by the Group Policy that was issued to MGM. (Mot. J. Pleadings 3:27–28, ECF No. 6).

claim for Short Term Disability benefits to Defendant, requesting to be considered Totally Disabled as of October 24, 2014. (*Id*., Ex. 1 to Ex. A to Mot. J. Pleadings, ECF No. 6-2).[2] On December 16, 2014, Defendant sent Plaintiff a letter denying her claim for Short Term Disability benefits. (*Id*. at 5, Ex. 1 to Ex. A to Mot. J. Pleadings). The letter further informed Plaintiff of her right to appeal the decision. (*Id.* at 8, Ex. 1 to Ex. A to Mot. J. Pleadings). Plaintiff submitted an appeal, and on May 29, 2015, Defendant issued a response letter affirming its denial of her request for Short-Term Disability benefits. (*See* Appeal Uphold Letter at 11, Ex. 2 to Ex. A to Mot. J. Pleadings, ECF No. 6-2). Defendant's denial stated that "[Plaintiff] may have a right to bring a civil action under the Employee Retirement Income Security Act of 1974 . . . ." (*Id*. at 15, Ex. 2 to Ex. A to Mot. J. Pleadings).

On August 4, 2021, over six years after Defendant denied Plaintiff's claim on appeal, Plaintiff filed suit against Defendant in the Eighth Judicial District Court of the State of Nevada, Las Vegas Justice Court, Clark County, asserting that Defendant unreasonably denied her Short-Term Disability Benefits from October 24, 2014 to January 15, 2015.[3] (Ex. C to Pet. Removal, ECF No. 1-3). Defendant removed this action to this Court on August 27, 2021,

---

[2] Neither the Group Policy, the Denial Letter, nor the Appeal Uphold Letter are attached to the Complaint. (*See generally* Compl., Ex. C to Pet. Removal, ECF No. 1-3). Instead, the Group Policy is attached as Exhibit B to Defendant's Petition for Removal, (Ex. B to Pet. Removal, ECF No. 1-2); the Denial Letter is attached as Exhibit 1 to the Declaration of Kristina N. Holmstrom located in Defendant's Motion for Judgment on the Pleadings, (Ex. 1 to Ex. A to Mot. J. Pleadings, ECF No. 6-2); and the Appeal Uphold Letter is attached as Exhibit 2 to the Declaration of Kristina N. Holmstrom located in Defendant's Motion for Judgment on the Pleadings, (Ex. 2 to Ex. A to Mot. J. Pleadings, ECF No. 6-2). The Court nonetheless considers these documents without converting Defendant's Motion for Judgment on the Pleadings into one for summary judgment because Plaintiff's Complaint references the Group Policy and Letters to support her claims, and neither party disputes the accuracy of Defendant's exhibits. *Cf. Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

[3] Defendant's Denial Letter mentions that Plaintiff's medical provider expected that Plaintiff would not be able to resume her occupational duties until January 15, 2015. (Denial Letter at 7, Ex. 1 to Ex. A to Mot. J. Pleadings). Although Plaintiff does not specify it in her Complaint, presumably it is for this reason that Plaintiff now seeks disability benefits from October 24, 2014, to January 15, 2015. (Demand Letter at 2, Ex. A to Pet. Removal).

based on federal question jurisdiction.[4] (Pet. Removal 1:28–2:19, ECF No. 1). On September 17, 2021, Defendant filed the present Motion for Judgment on the Pleadings, seeking judgment on the ground that Plaintiff's claims are untimely because they fail to comply with the Group Policy's contractual limitation provision. (*See generally* Mot. J. Pleadings, ECF No. 6). On September 28, 2021, Plaintiff filed a Statement in which she attributed her inability to file sooner to the "pandemic and unprecedented situation caused by the shutdown." (Letter at 1, ECF No. 7).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted).

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Moreover, when reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The allegations of the nonmoving party must be accepted as true while any

---

[4] Plaintiff did not specify in her Complaint that her claim arose under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001. (*See generally* Compl., Ex C to Pet. Removal). However, Plaintiff attached a Demand Letter to her Complaint referencing her employment at New York Casino and the Group Policy number. (Demand Letter at 2, Ex. A to Pet. Removal). Because Plaintiff sought disability benefits and referenced the Group Policy, Defendant construed Plaintiff's claim as arising under ERISA, thereby implicating federal question jurisdiction. (Pet. Removal 1:28–2:12).

allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

## III.  DISCUSSION

Defendant moves for judgment on Plaintiff's claim, arguing that Plaintiff's claim fails as a matter of law because it is barred by the Group Policy's contractual limitations period. (Mot. J. Pleadings, 2:12–3:4). The Group Policy specifies that no legal action can be brought until "60 days after Proof of Claim has been given" and that no claim can be pursued "more than [three] years after the time Proof of Claim is required." (Group Policy at 79, Ex. B to Pet. Removal, ECF No. 1-2). For Short Term Disability claims, the Group Policy states that "proof of claim must be given to Sun Life no later than 90 days after the end of the Elimination Period." (*Id.* at 81, Ex. B to Pet. Removal). The Group Policy in turn defines the Elimination Period as "a period of continuous days of Total or Partial Disability for which no STD Benefit is payable." (*Id.* at 30, Ex. B. to Pet. Removal). Based on Plaintiff's Complaint, her date of disability is October 23, 2014. (*See* Compl., Ex. C to Pet. Removal). Defendant therefore contends that Plaintiff had until, at the latest, November 23, 2017, to file her lawsuit. (Mot. J. on the Pleadings, 2:18–19).

Plaintiff, in response, does not directly address Defendant's argument that her claim is barred by the contractual limitations period in the Group Policy. (*See generally* Letter, ECF No. 7). However, in light of the fact that Plaintiff is proceeding *pro se*, the Court will attempt to liberally construe Plaintiff's Letter. In her Letter, Plaintiff asserts that the applicable "[s]tatute of limitations is six years." (*Id.* at 1). Liberally construing this assertion, the Court assumes Plaintiff is arguing for the application of the most analogous state statue of limitation

rather than the contractual limitations period provided for in the Group Policy.[5]  The Court first addresses Defendant's argument.

### A.  THE CONTRACTUAL LIMITATIONS PERIOD

ERISA does not provide a statute of limitations. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 104 (2013).  The parties, however, agree to a limitations period. *Id.*  A court must give effect to an ERISA plan's limitation provision unless it determines either that the period is unreasonably short, or that a controlling statute prevents the limitations period from taking effect. *Id.*  The principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan. *Id.* at 108.  "The plan, in short, is at the center of ERISA." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013).  Therefore, the Court must determine whether the limitation period in the Group Policy is unreasonably short.

Here, the Complaint incorporates by reference MGM's Group Policy, which provides a three-year deadline to file an action on a claim for benefits. (Group Policy at 78–80, Ex. B to Pet. Removal).  Defendant argues that the three-year period in the Group Policy is reasonable because it is the same period approved by the Supreme Court in *Heimeshoff*.  (Mot. J. on the Pleadings 6:11–18).

Numerous courts in this circuit and elsewhere have held that contractual limitations periods of one year or less are reasonable. *See e.g., Nathaniel W. v. United Behavioral Health*, 2018 WL 3585180, at *5–7 (N.D. Cal. July 26, 2018) (holding that one year to bring action after denial of appeal was reasonable); *Mahan v. Unum Life Ins. Co. of Am.*, 2015 WL 3901883, at 3–4 (N.D. Cal. June 24, 2015) (six months to bring action after denial of appeal

---

[5] Presumably, the six-year statute of limitation referenced by Plaintiff in her Letter is Nevada's statute of limitation for a breach of written contract claim. *See* NRS § 11.190(1)(b).  In Defendant's Motion for Judgement on the Pleadings, Defendant cited to this statute as the state statute of limitation that would govern Plaintiff's claim for ERISA benefits if this Court determined the Group Policy's contractual limitations provision was inapplicable. (Mot. J. on the Pleadings, 7:1–10).

was reasonable); *Upadhyay v. Aetna Life Ins. Co.*, 2014 WL 186709, at 5 (N.D. Cal. Jan. 16, 2014), *aff'd*, 645 Fed. Appx. 569 (9th Cir. 2016) (limitations period that started to run before the cause of action accrued was reasonable).  Accordingly, the Court joins the weight of authority in finding that Defendant's three-year and fourteen or thirty-day limitations period is reasonable and enforceable against Plaintiff.

### B.  NEVADA'S STATUE OF LIMITATIONS

"There is no specific federal statute of limitations governing claims for benefits under an ERISA plan." *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program*, 222 F.3d 643, 646 (9th Cir. 2000).  Instead, courts look to the most analogous state statute of limitations. *Id*.  Courts in this District have determined that Nevada contract law provides the most analogous state statute of limitations for ERISA benefits. *See Moses v. American Federation of Musicians and Employers' Pension Fund*, No 2:10-cv-01728, 2011 WL 2792350, at *2 (D. Nev. July 14, 2011) (applying the limitations period under Nevada contract law to plaintiff's ERISA claim); *Allbaugh v. California Field Ironworkers Pension Trust*, 2:12-cv-00561, 2016 WL 6138244, at *8 (D. Nev. Oct. 19, 2016) (finding that the most analogous limitations period for the ERISA claims alleged "is the limitation period for claims arising from a breach of a written contract").

In Nevada, a breach-of-written-contract claim is subject to a six-year limitation period. *See* NRS § 11.190(1)(b).  Although state law supplies the limitation period, the date from which a cause of action accrues is a question of federal law. *See Chuck v. Hewlett Packard Co.*, 455 F.3d 1026, 1031 (9th Cir. 2006).  An ERISA cause of action accrues "either at the time benefits are actually denied or when the insured has reason to know that the claim has been denied." *Id*. (quoting *Wetzel*, 222 F.3d at 649).  The Ninth Circuit has further explained that a cause of action accrues when the policy provider communicates "'a clear and continuing repudiation' of a claimant's rights under a plan, such that the claimant could not have

reasonably believed but that his benefits had been 'finally denied.'" *Id*. (internal citation omitted).

Here, Plaintiff's claim accrued on May 29, 2015, when she received Defendant's letter denying her appeal for benefits. *See Heimeshoff*, 571 U.S. at 99 ("A participant's cause of action under ERISA accordingly does not accrue until the plan issues a final denial."); *Wetzel*, 222 F.3d at 650 (holding that benefits were not "actually denied" until the appeal was denied or the time for appeal had run). Accordingly, Plaintiff had until May 29, 2021, to bring her claim.[6] Because Plaintiff did not file her claim until August 4, 2021, her claim is also time-barred under the analogous Nevada statute of limitations.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, (ECF No. 6), is **GRANTED**. The Clerk's Office shall enter judgment accordingly.

**DATED** this __29__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[6] Plaintiff mentioned that she was unable to file her case sooner "due to the pandemic" and the "unprecedented situation caused by the shutdown." (*See* Letter at 1). Liberally construing this argument, Plaintiff requests the Court to apply equitable tolling for the period she was unable to file due to the COVID-19 pandemic. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (emphasis omitted). As to the second element, the Court finds that the COVID-19 global pandemic and the surrounding circumstances did not sufficiently prevent Plaintiff from filing her action. Many other plaintiffs—both with counsel and those proceeding *pro se*—successfully filed actions during Plaintiff's sought tolling period. Therefore, the Court rejects Plaintiff's request to apply equitable tolling to her claim.